JOHN A. WIDNER v. THE WESTERN UNION TELEGRAPH COMPANY.

*Contracts—Demurrer for non-joinder—Sureties for liquidated damages—Joint and several responsibility.*

A declaration on a contract is not demurrable for the non-joinder of plaintiff's sureties where the latter have no such interest in it as would entitle them to receipt for money due on it to their principal, and are only bound to pay certain liquidated damages on his default.

Where a contract describes the parties on one side as principal and sureties and stipulates that the principal shall perform the obligations and receive the pay while the sureties shall only be liable for liquidated damages on his default, it is, in effect, a severable contract, and the principal sureties need not be joined as plaintiffs in a suit upon it.

A contract which is plainly meant to be several is not to be treated as joint merely because several persons have signed it on one side or the other.

Error to Bay.   Submitted Jan. 18.   Decided Jan. 25.

ASSUMPSIT.   Plaintiff brings error.   Reversed.

*Frank L. Westover* and *Shepard, Lyon & Clark* for plaintiff in error.   A contract will be construed as joint or several according to the interests of the parties, if it is ambiguous: *Ludlow v. McCrea* 1 Wend. 230.

*Hatch & Cooley* for defendant in error.   Where suit is brought on a promise made to three persons, it must be in the name of all three : 1 Chit. Pl. (16th ed.) 9 : 1 Pars. Cont. (5th ed.) 13 ; *Slingsby's Case* 5 Co. 19 ; *Anderson v. Martindale* 1 East 497; *Capen v. Barrows* 1 Gray 379 ; *Eccleston v. Clipsham* 1 Saund. 153, n. 1; *Sweigart v. Berk* 8 S. & R. 308 ; *Hopkinson v. Lee* 6 Ad. & El. (N.S.) 964 ; *Foley v. Addenbrooke* 4 Ad. & El. (N. S.) 197; *Calvert v. Bradley* 16 How. 590; advantage can be taken of nonjoinder without plea in abatement: 1 Chit. Pl. 14 ; *Dob v. Halsey* 16 Johns. 34; *Baker v. Jewell* 6 Mass. 460.

CAMPBELL, J.   Plaintiff sued defendant for the price of telegraph poles furnished and not paid for.   They were delivered under a written contract, and the court below held that Widner could not recover, because he had failed to join as co-plaintiffs certain persons who had signed the contract as his sureties.

The agreement purports to be between Widner as principal, and L. L. Culver and William Westover as sureties, of the first part, and defendant of the second part.   The consideration is expressed to be " the making of this contract with J. A. Widner, of the first part," and one dollar to each of the sureties.   The stipulations are three in number : *first*, that Widner shall furnish the poles; *second*, that all the parties of the first part will on his default pay certain liquidated damages; and *third*, that the company will pay Widner for the poles furnished as agreed.

By the terms of this contract the sureties are neither promisors nor promisees except in the separate clause relating to liquidated damages.   They are not otherwise named

in the contract, and there is no other promise for or by them in any part of the contract. They are as distinct as if the contract had been in name, as it is in fact, severable and tripartite.

It was held in *Larkin v. Butterfield* 29 Mich. 254 that the fact that several persons sign a contract on the one side or the other, does not require courts to disregard the plain meaning of the contract so as to make that joint which was meant to be several. In the present case no one but Widner promised to furnish poles, and no one but Widner is authorized to receive pay. The promise of the sureties with Widner is by the terms of the contract intended to be collateral to his separate agreement; and we think there would be no propriety in requiring men to sue for money who have not contracted at all on the direct interests which are the subject of the action, and who could not receipt for the money.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.