PRESCOTT W. LOVELL *vs.* COMMONWEALTH THREAD COMPANY, INC., & another.

Norfolk.    November 6, 1929. — July 1, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Contract,* What constitutes, Construction.

A contract of employment in writing under seal was between a corporation and an individual as "parties of the first part" and the employee as "party of the second part" and contained eight numbered paragraphs, of which one provided that the employee should be a salesman for the corporation in a territory to be determined by the individual; another provided that the employee should be paid a salary to be determined by the individual; and a third provided that the corporation would pay the employee a certain commission on net sales made by him.  The remaining paragraphs related to selling prices, the termination of the contract and other matters.  In some of these paragraphs the individual was mentioned, and in some he was not.  In an action by the employee against the corporation and

the individual, the plaintiff sought to recover solely an alleged balance due him on account of commissions under the contract. The individual demurred on the ground that the plaintiff had no cause of action against him. The demurrer was sustained. *Held*, that

(1) The intent of the parties as disclosed by the contents of the contract governed its construction;

(2) The provisions of the contract showed that the obligation to pay the plaintiff commissions rested solely on the defendant corporation: in that particular the contract was not joint as to the defendants;

(3) The demurrer properly was sustained since no obligation with respect to the payment of commissions rested upon the individual.

CONTRACT. Writ dated November 14, 1927.

The plaintiff's declaration is described in the opinion. The defendant Macdougal demurred. The demurrer was heard in the Superior Court by *Whiting*, J., who ordered it sustained and thereupon reported the action for determination by this court.

*C. A. Parker*, (*J. H. White* with him,) for the plaintiff.

*John Wentworth*, for the defendant Macdougal.

RUGG, C.J. This case is reported for determination as to the correctness of the action of the trial judge in sustaining the demurrer of the defendant Macdougal. The declaration alleges a contract between the plaintiff and the two defendants whereby the plaintiff entered the employ of the Thread Company as a salesman, complete performance of all obligations resting on the plaintiff, whereby he became entitled to a salary and also to a commission of two per cent on sales made by him, payment to him of all salary due him but refusal to pay all the commissions due him, and seeks recovery for the balance due on account of commissions. No other breach of the contract is alleged and no other recovery is sought. Copy of the contract is annexed to the declaration. It is stated in the initial paragraph of the contract that it is made "by and between the Commonwealth Thread Co., Inc., William W. Macdougal, parties of the first part, and Prescott W. Lovell, party of the second part." Then come these words: "Whereas said Thread Company desires to employ and said Lovell desires to work for said Thread Company as salesman . . . Now THEREFORE, for and in consideration of One Dollar

and other valuable consideration each to the other paid,
and of the mutual promises each to the other made, it is
hereby mutually agreed as follows: —" Then follow para-
graphs numbered in arabic numerals 1 to 8 inclusive. It is
stated in 1 that the Thread Company will employ the
plaintiff as salesman in such territory as Macdougal may
determine, in 3 that the Thread Company will pay the
plaintiff a weekly salary to be determined by Macdougal,
in 4 that the Thread Company will pay the plaintiff a com-
mission of two per cent on his net sales, in 5 that the plain-
tiff may employ assistants or subsalesmen in substance
in accordance with conditions determined by Macdougal,
and in 6 that Macdougal shall determine the selling prices.
In 7 it is provided that, in case the contract does not prove
"satisfactory to the parties hereto . . . then said party
shall give the other party a written notice" with certain
consequences and alternatives and the further stipulation
that if "the contract is terminated, said Thread Company
or said Macdougal shall have no right to take over any
selling organization which said Lovell may then have."
The remaining two paragraphs relate to the obligation of
the plaintiff not to engage in any conflicting business and
to the cancellation of an earlier contract. Macdougal is
not mentioned in either of those paragraphs. The testi-
monium clause recites that "the parties hereunto set their
hands and seals to this and a duplicate hereof." The
contract is signed by the three parties to this action and is
under seal.

The cause assigned in the demurrer of Macdougal is
that the declaration sets out no cause of action against
him. This presents the only question to be decided. Stated
more analytically, the question is whether the contract is
joint throughout, rendering each defendant liable jointly
with the other for any and every breach, or whether it is
severable.

Where the contract is in writing, there is no fixed and
unyielding rule for disposing of contentions touching its
meaning except the general one that the intention of the
parties drawn from the entire instrument is to be ascer-

tained and applied to the adjustment of the dispute. It is wholly a matter of construction and each contract is to be interpreted according to its own tenor. Resort may be had to certain presumptions or to the circumstances as aids in cases of doubt, but every other rule yields to the purpose of the parties as disclosed by the words used and by the nature of the understanding disclosed by the instrument. The ultimate and final rule of law in all cases is to discover that purpose. *Bartlett* v. *Robbins,* 5 Met. 184, 187. *Springfield* v. *Harris,* 107 Mass. 532, 540. *Erickson* v. *Ames,* 264 Mass. 436, 443, 444 and cases reviewed. *Widner* v. *Western Union Telegraph Co.* 47 Mich. 612. *White* v. *Tyndall,* 13 App. Cas. 263. Williston on Contracts, § 323. "Where two or more persons covenant with another by the words 'we covenant,' the words indicate a joint covenant, and are to be so considered, unless from the whole contract it should appear that such was not the understanding of the parties. If two covenant generally for themselves, without any words of severance, or that they, or any one of them, shall do such a thing, a joint charge is created." *Donahoe* v. *Emery,* 9 Met. 63, 67. *New Haven & Northampton Co.* v. *Hayden,* 119 Mass. 361. *Meyer* v. *Estes,* 164 Mass. 457.

The contract here in issue indicates that the payment to the plaintiff of the commission due him under the contract is solely the obligation of the Thread Company. That subject is covered by a distinct paragraph of the contract in which Macdougal is not mentioned. Words could hardly be more specific to the effect that the duty to pay the commissions to the plaintiff rests upon the Thread Company alone. There is nothing in other parts of the contract to indicate that Macdougal has any interest in the matter of commissions. No control direct or indirect over that subject is vested in Macdougal. He is completely severed from that matter by the terms of the contract. Both the rate of the commission and the principal on which it is to be computed are established by the words of the contract. It is apparent from the nature of the undertaking that Macdougal is not concerned with com-

missions due to the plaintiff. No other default in the performance of the contract is alleged except failure to pay the commission. That is an obligation not imposed on him by the contract. It follows that the demurrer was sustained rightly.

*Order sustaining demurrer affirmed.*