71 Wn.2d 820 (1967)
430 P.2d 965
In the Matter of the Estate of GUIDO SPADONI, Deceased.
IDA HOLT, Appellant,
v.
DAVID SCHWEINLER, as Administrator, Respondent.[*]
No. 38833.
The Supreme Court of Washington, Department One.
August 17, 1967.
Benjamin G. Hanson, for appellant.
Burkey, Marsico & Rovai, by Robert L. Rovai, for respondent.
DENNEY, J.[]
The will of Guido Spadoni, deceased, was filed for probate on February 29, 1960. Under the terms of the will, Ida Holt, a daughter, was to receive one-half of the estate and two grandchildren one-half each of the remainder. Ida Holt was named executrix and qualified as such. The estate sat dormant until November 1, 1963, when Ida Holt was removed as executrix and David Schweinler was appointed administrator with will annexed. Ida Holt was ordered to account for the assets of the estate and to show cause why two tracts of real property to which she and her husband, Frank Holt, claimed title, should not have been inventoried in the estate. A hearing was held, testimony taken, and the trial court determined that a resulting trust should be imposed on one of the parcels of property in favor of the estate of the deceased, Guido Spadoni, and that such property should be inventoried in the estate. The trial court further held that the administrator with will annexed *822 had failed to establish a resulting trust in the other parcel of real property and that title rested in Frank and Ida Holt. Finally, the trial court found that a $1,000 gift from Mr. Spadoni to his daughter was an advancement which must be deducted from her share of the estate. Ida Holt appeals from that portion of the order decreeing a resulting trust and from the finding of an advancement. The administrator with will annexed does not cross-appeal, so we are here concerned with the one parcel of property decreed to be a part of the estate of the decedent, Guido Spadoni.
The trial court found that in 1934 the real property was purchased under contract in the name of George Rosatto, a brother-in-law of Mr. Spadoni. Mr. Spadoni made the down payment and all the subsequent payments. He went into possession in 1934 and continued to occupy the property until his death in 1960. The property was deeded to Rosatto in 1941 upon completion of the payments. Ida Holt became 21 years of age in 1946 and at that time, upon the request of her father, Mr. Spadoni, Rosatto executed a deed to her. Mr. Spadoni's wife had been committed to a hospital for the mentally ill so title was placed in the name of others to facilitate transfer. From these facts the trial court found a resulting trust.
[1] This court has dealt with resulting trusts on many occasions. The rule finds clear expression in the case of Donaldson v. Greenwood, 40 Wn.2d 238, 249, 242 P.2d 1038 (1952), as follows:
When title to property is taken in the name of a grantee other than the person advancing the consideration, the one in whose name title is taken is a resulting trustee for the person who paid the purchase price, in the absence of evidence of a contrary intent.
See also Lalley v. Lalley, 43 Wn.2d 192, 260 P.2d 905 (1953); Walberg v. Mattson, 38 Wn.2d 808, 232 P.2d 827 (1951); Creasman v. Boyle, 31 Wn.2d 345, 196 P.2d 835 (1948); Mouser v. O'Sullivan, 22 Wn.2d 543, 156 P.2d 655 (1945); In re Hammer's Estate, 145 Wash. 322, 260 Pac. 532 (1927); Restatement (Second) of Trusts § 440 (1959).
Appellants contend a resulting trust may not be shown *823 by parol evidence. While such a trust must be proven by evidence which is clear, cogent and convincing, it may be shown by parol as well as by other evidence. Grichuhin v. Grichuhin, 44 Wn.2d 914, 272 P.2d 141 (1954); In re Cunningham's Estate, 19 Wn.2d 589, 143 P.2d 852 (1943); Dines v. Hyland, 180 Wash. 455, 40 P.2d 140 (1935).
[2] Mr. and Mrs. Holt testified that they purchased the property from Mr. Rosatto and that Mr. Spadoni had no interest in it. However, Mr. and Mrs. Holt could remember little or nothing regarding transactions which were carried out with third persons during Mr. Spadoni's occupancy of the property. Mr. Spadoni erected one house to replace another which had burned and sold this house to a Mrs. Johnson who later reconveyed to Ida Holt. Two other sales of a portion of the premises were made about which the Holts had little or no recollection. All negotiations leading to the sales were conducted with Mr. Spadoni. The Holts never lived on the property or asserted any dominion over it except to execute conveyances and accept reconveyance at the request of Mr. Spadoni. The fact that Mr. Spadoni supplied all the consideration, occupied the property for a quarter of a century to the time of his death, erected improvements, negotiated sales of portions of the property, negotiated a reconveyance of a portion, paid taxes and acted in every respect as owner, leads irresistibly to the conclusion that equitable title rested in Mr. Spadoni.
The only circumstance militating against this conclusion is that Mr. Spadoni stood in loco parentis to Mrs. Holt and the placing of title in her name might therefore be presumed to be a gift. Any such presumption is rebutted by the fact that Mrs. Holt does not contend the property was a gift but, on the contrary, contends that she and her husband bought it. Furthermore, the Holts at no time asserted any dominion over the property, negotiated none of the sales, paid no taxes and permitted Mr. Spadoni to treat the property as his own in the same manner as he had done when title was in the name of Mr. Rosatto.
The case of Dines v. Hyland, supra, presented a factual situation somewhat analogous to the facts in this case. It *824 was there held that a gift had not been proven where the alleged donor had retained control of the property over a period of years and the alleged donee who enjoyed the status of a daughter, had asserted no ownership.
We find, therefore, that the trial court was justified in finding that a resulting trust had been established by clear, cogent and convincing evidence and that the equitable title rested in Mr. Spadoni who had paid the purchase price. Any presumption that the conveyance to Ida Holt was a gift was overcome by equally clear, cogent and convincing evidence.
Shortly before his death Mr. Spadoni authorized Ida Holt to withdraw $1,000 from a joint bank account to be used as payment on an automobile which Mrs. Holt was purchasing. In explaining this transaction Mrs. Holt testified as follows:
Q. And your dad told you to draw it out? A. He said if I wanted to do it now or later that was up to me, that it was my money. Q. In other words, if you wanted to do it now or later you could do it? A. He didn't care. Q. He didn't care, but this money he put into this account it was supposed to be divided between yourself, equally between yourself and the Speechley children? A. That's right. Q. Actually you got $1000 out of it more than the Speechley children. MR. HANSON: Object to this. Q. Didn't you actually get $1000 out of it more than the Speechley children? A. He drew it out and left me with the balance. Q. Just answer my question: Did you draw $1000 out of this bank account? A. Yes, I did. Q. And you used that for your own purposes? A. Yes. Q. And this bank account was supposedly to be divided one-half for you and one-quarter for the two Speechley children? A. That is how it started out when it was deposited. Q. And your father told you to go ahead and take it out, "You can have it now or take it out later"? A. That's right, it was mine....
In a previous hearing relative to the guardianship of the Speechley children, she also testified:
Q. Did you pay him back? A. No. Because he said, "That money there is yours as well as it is mine. If you spend it now then you won't have it later." That's all he *825 told me. Q. Did he tell you it was your part of the estate then, is that right? A. Yes, he said it was. He said, "It's your money as well as  " ....
RCW 11.04.150 provides:
All gifts and grants shall be deemed to have been made in advancement, if expressed in the gift or grant to be so made, or if charged in writing by the intestate as an advancement, or acknowledged in writing as such by the child or other descendant.
It is clear that when Mr. Spadoni authorized Mrs. Holt to make the withdrawal it was a gift which would otherwise be an asset of the estate when he died and that she was to have the $1,000 at the time rather than after Mr. Spadoni's death. This was an expression in the grant that it was made as an advancement.
[3] The question of whether a gift or payment to a legatee occurring subsequent to the execution of a will is an advancement is basically one of intention of the testator in making the gift or transfer. Annot. 26 A.L.R.2d 9 (1952). We find the trial court's conclusion that this was an advancement to be supported by the undisputed evidence in the case.
The judgment of the trial court is affirmed.
FINLEY, C.J., WEAVER, HUNTER, and HALE, JJ., concur.
NOTES
[*] Reported in 430 P.2d 965.
[] Judge Denney is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.