CLEMENTINE NORTON, *Respondent*, v. JACK S. MCINTOSH
*et al., Appellants.*

*Wettrick, Toulouse, Lirhus & Hove* and *Clarence A. Lirhus,* for appellants.

*Bell, Ingram, Smith, Johnson & Level* and *Lewis A. Bell,* for respondent.

HOROWITZ, A. C. J.—Plaintiff, sublessor, recovered judgment for unpaid rent due under a sublease and promissory notes. Defendants appeal, raising four issues.

First. The individual defendants contend that they are not liable on the sublease and that the judgment below

against them, based solely on the contents, signatures and acknowledgments of the sublease, is improper. We agree. The sublease from first party (plaintiff individually and as executrix of her husband's estate) runs to the corporate defendant as "second party." The first 18 paragraphs of the sublease describe the respective obligations of first and second parties and contain all provisions necessary for a complete sublease. Paragraph 19, however, provides:

> First Party agrees and consents that Second Party may use the name EVERGREEN SPEEDWAY, INC.; in consideration thereof, Jack McIntosh and Ed C. Vervynck individually guarantee the punctual and entire rental payments to be paid hereunder by First Party to County of Snohomish.

The sublease is executed and acknowledged by the plaintiff individually and as executrix of her husband's estate, by the Board of County Commissioners of Snohomish County, and by the defendants as follows: "Jack McIntosh, President, Ed C. Vervynck, Secretary-Treasurer, Individually and as Officers of EVERGREEN MOTOR SPEEDWAY, MONROE, Second Party." There is no acknowledgment by the corporate defendant as such but there is a separate acknowledgment by the individuals as the "individuals described in and who executed the within and foregoing instrument and acknowledged that they signed the same as their free and voluntary act and deed for the uses and purposes therein mentioned."

■ Our problem is to ascertain from the four corners of the entire instrument whether the signatories intended that Messrs. McIntosh and Vervynk (judgment spelling) should be individually liable on the sublease covenants. *Grant County Constructors v. E. V. Lane Corp.*, 77 W.D.2d 107, 117, 459 P.2d 947 (1969). The body of the instrument imposes upon the corporate defendant as "second party" liability on the sublease covenants and the judgment below against the corporate defendant based upon this fact and the signatures is not challenged. The body of the instrument nowhere specifically imposes liability on the sublease covenants upon the individual defendants. Paragraph 19, on

the other hand, does not purport to impose second party liability upon the individual defendants. Instead, it imposes a head lease rent payment guarantee upon the individuals in exchange for a specifically described independent consideration; namely, the giving of first party's consent to second party's use of the name "Evergreen Speedway, Inc." The individual defendants were shareholders and officers in second party and had a legitimate reason for arranging for second party's use of a valuable trade name. Accordingly, the signatures of the individual defendants as individuals are explainable as having reference solely to the paragraph 19 guarantee. The signatures of the individual defendants in their capacities as officers of the corporate defendant are explainable as having reference solely to the second party's obligations as described in the first 18 paragraphs of the instrument. The reference to "second party" in the above quoted signature has apparent reference only to the corporate defendant designated in the words immediately preceding the term "second party."

There is no reason why one instrument may not contain two sets of obligations so as to create a several obligation; namely, the obligation of the corporate defendant on the one hand with respect to the sublease covenants and a guarantee of the head lease obligation by the individual defendants on the other. The acknowledgment by the defendants merely evidences the voluntary character of the signatures without performing the further function of augmenting the liabilities undertaken in the body of the lease. See *Lovell v. Commonwealth Thread Co., Inc.,* 272 Mass. 138, 172 N.E. 77 (1930); *Bianchi Bros. v. Gendron,* 292 Mass. 438, 198 N.E. 767, 107 A.L.R. 953 (1935); 17 Am. Jur. 2d *Contracts* §§ 266, 259 (1964).

█ Plaintiff also contended at oral argument that the individual defendants were liable for unpaid rent by virtue of their respective $1,450 notes delivered to the plaintiff. Neither note contains an express assumption of the sublease rental obligation and each note contains the following legend:

This note is given to secure ½ of the 1966 rental payment still due for the 1966 rental of Evergreen Speedway, Monroe. As set forth in that certain lease agreement between Tina Norton & Evergreen Speedway (Monroe) Inc.

Neither the note nor the legend purports to expressly or impliedly assume payment of the rental "still due." They disclose only an intention to secure rental indebtedness owing without stating by whom. One may secure a debt owed by another without thereby assuming to pay it. The intentions may or may not coexist, but they are not the same. See *Carter v. Curlew Creamery Co.*, 20 Wn.2d 275, 281, 147 P.2d 276, 151 A.L.R. 921 (1944).

Second. Defendants contend that the two notes of $1,450 each executed and delivered by the individual defendant shareholders, who were not liable for the rent, operated as an accord and satisfaction of the entire unpaid rental of $5,400. The trial court held otherwise on the ground that the evidence was insufficient to show that the notes were tendered and accepted by the sublessor as payment in full of the unpaid sublease rent. We agree. *Meyer v. Strom,* 37 Wn.2d 818, 226 P.2d 218 (1951); 1 Am. Jur. 2d *Accord and Satisfaction* §§ 14 and 15 (1962).

Third. Defendant McIntosh contends that as between the plaintiff and defendant a $1,000 payment made by him should have been credited by the plaintiff on his $1,450 note and that if so credited the payments so made, together with other payments made, would have discharged his note indebtedness. We agree. The evidence is that on January 3, 1967, at plaintiff's request, McIntosh delivered to her a check in the sum of $1,000 payable jointly to the plaintiff and Snohomish County. McIntosh wanted to be certain that the plaintiff applied the $1,000 on her Snohomish County head lease indebtedness because of his paragraph 19 sublease guarantee. McIntosh gave no directions to the plaintiff as to how as between the plaintiff and McIntosh the $1,000 should be applied. At that time, plaintiff erroneously believed that McIntosh was liable for the unpaid sublease

rent. Accordingly, she credited the payment on the unpaid sublease rental indebtedness. This application was not shown to have been known by, consented to or acquiesced in by McIntosh. In view of our holding that McIntosh was not individually liable on the sublease, plaintiff's application was mistaken. His note indebtedness was the only debt to which the payment could have been applied. It would serve no purpose to reverse and remand this case so that the payment could be properly applied. We make that application here. See 40 Am. Jur. *Payment* § 129 (1960). The effect of the application is to eliminate the credit by which the unpaid sublease rent was reduced by $1,000 and to thereby increase the judgment to which the plaintiff is entitled as against the corporate sublessee by the same amount.

It is true that plaintiff has not cross-appealed and yet receives an increased judgment against the corporate defendant. This benefit is the unavoidable result of the interdependent and intermingled nature of the claims of the plaintiff, the corporate defendant and the defendant McIntosh with respect to the $1,000 payment involved. This adjustment is required to avoid an otherwise inconsistent and unjust result. The conclusion reached is supported by the principles discussed in *Leland v. Frogge*, 71 Wn.2d 197, 201, 427 P.2d 724 (1967); 5 Am. Jur. 2d *Appeal and Error* §§ 949, 951, 953 (1962).

Fourth. Defendants finally contend that under the provisions of a March 22, 1967, written agreement among plaintiff, defendants and Snohomish County, by the terms of which the county purchased the plaintiff's interests in the property leased and subleased, the agreement operates as an accord and satisfaction. Defendants rely upon two paragraphs:

> II. Norton and Speedway hereby cancel the sublease in Assignment Option dated March 21, 1966, by and between said parties for the above described real property for and in consideration of the mutual relinquishment of all *future* rights and claims of either party under said sublease and option agreement.

. . .

XXI. Any and all terms of any preceding agreements of the parties, save and except the County's acknowledgment that Speedway has been and is now a tenant of the County of the property herein described, for a term of years which expires on January 1, 1972, are hereby extinguished, and the rights and duties of the parties shall be construed wholly as by *this* instrument provided.

(Italics ours.) Paragraph 2 cancelling the sublease does so "in consideration of the mutual relinquishment of all future rights and claims of either party under said sublease and option agreement." The mutual relinquishment of past rights such as unpaid rental notes and accrued unpaid rental is not mentioned. Paragraph 21 extinguishing "Any and all terms of any preceding agreements of the parties, . . . " is apparently directed to agreements between the parties and Snohomish County because the remaining portion reads: "and the rights and duties of the parties shall be construed wholly as by this instrument provided." Because paragraph 2 limits itself to relinquishment of "all future rights and claims" and because paragraph 21 does not purport to enlarge the meaning of the phrase "future rights" so as to include "past rights," we think that paragraph 21 is of no help to the defendants. Nor, as defendants contend, is the term "future rights" broad enough to include a future suit brought on a past claim. In the context here, a future suit is a procedure with respect to an existing right. Here, it is the right that is involved, not the procedure with respect to its enforcement.

The judgment is reversed by (1) eliminating the judgment against the defendant, Jack S. McIntosh, individually, in the sum of $1,000, attorneys' fees in the sum of $100, and interest in the sum of $108.38 on his promissory note to the plaintiff, and (2) by increasing the judgment in favor of the plaintiff against the defendant, Evergreen Motor Speedway, Monroe, Inc., a corporation, in the sum of $1,000. In all other respects the judgment is affirmed. Appellants shall recover their costs on appeal.

UTTER and STAFFORD, JJ., concur.