[No. 41125. En Banc. December 3, 1970.]

FOSTER A. MANNING *et al., Appellants,* v. MOUNT ST. MICHAEL'S SEMINARY OF PHILOSOPHY AND SCIENCE, *Respondent.**

*Reported in 477 P.2d 635.

*Witherspoon, Kelley, Davenport & Toole,* by *John L. Neff,* for appellants.

*Murphy & Weber,* by *Martin G. Weber,* for respondent.

ROSELLINI, J.—In 1960, the appellants leased certain farm lands from Emily E. Fritz. The lessor and the lessee Foster A. Manning drew the lease, which provided that if, during the 6-year term of the lease, the lessor should decide to sell the land, Manning would have

> the option for a period of 15 days upon his notification of said desire of sale to purchase the same at the price to be agreed upon by the lessor and lessee.

The lessor offered to sell the land to the appellants during her lifetime, but they did not take advantage of her offers. She died in 1964, before the expiration of the lease, leaving a will which named the appellants among the legatees, the appellant Foster A. Manning being given a specific bequest as well as a share of the residue. Her attorney was named executor.

The executor offered the land which was under lease to the appellants for sale. He gave the appellants notice and an opportunity to bid. They submitted an offer of the appraised value, $23,500. The respondent submitted a bid of $25,000. Although an order of solvency had been entered previously and the will was non-intervention, the executor petitioned the court for an order telling him what procedure to follow in selling the real estate. The court advised him to follow the probate statute, which the executor proceeded to do and, subsequently, the court approved sale of the land to the highest bidder, the respondent, which had raised its bid to $35,000. The appellants had not offered to raise their bid beyond $25,000. The sale was confirmed by the court, and the executor was ordered to deliver a deed to

the respondent. The order approving final report and the decree of distribution were entered on June 1, 1967.

The appellants had notice of all of the proceedings and knew that the court was asked to determine the nature and extent of their rights to purchase the land under the terms of the lease. The court decreed that the executor had complied with the provisions of the probate statutes and with the provisions of the lease. The appellants raised no objections to these determinations and took no appeal from any order of the court in the probate matter.

The executor's deed to the respondent was delivered on April 18, 1967, 10 months after the order confirming the sale was entered by the court and more than 6 months after the lease expired by its own terms.

More than a year later this action was brought to obtain a conveyance of the property from the respondent to the appellants. The theory advanced by the appellants was that the lease required the lessor to set a price at which she was willing to sell and to give the appellants, the lessees, an opportunity to purchase at that price. The probate court had decreed that the executor, successor to the interest of the lessor, could not follow that procedure but must call for bids and accept the best bid made in compliance with RCW 11.56.110. The trial court in this action held that the question raised by the appellants had been determined in the probate matter and that, no fraud being alleged or proven, this collateral attack upon the decrees entered in that proceeding could not be maintained.

The appellants have appealed. While offering no argument that the probate court lacked power to determine the questions before it, they nevertheless maintain that the executor should have proceeded according to their theory, rather than according to the directions of the court, and they assert that the respondent has no equitable right to the property but holds it upon a resulting trust for the benefit of the appellants.

2 Restatement (Second) of Trusts § 404 (1959) declares, at page 326:

A resulting trust arises where a person makes or causes

to be made a disposition of property under circumstances which raise an inference that he does not intend that the person taking or holding the property should have the beneficial interest therein, unless the inference is rebutted or the beneficial interest is otherwise effectively disposed of.

The circumstances under which such a trust arises are listed on page 323, where the Restatement says:

A resulting trust may arise in any one of the following situations:

1. Where a private or charitable trust fails in whole or in part (see §§ 411-429);

2. Where a private or charitable trust is fully performed without exhausting the trust estate (see §§ 430-439);

3. Where property is purchased and the purchase price is paid by one person and at his direction the vendor transfers the property to another person (see §§ 440-460).

■ Our cases are in accord with this statement. *See,* for example, *In re Estate of Spadoni,* 71 Wn.2d 820, 430 P.2d 965 (1967); *In re Estate of Shea,* 69 Wn.2d 899, 421 P.2d 356 (1966); *Lindberg v. Hietala,* 46 Wn.2d 348, 281 P.2d 861 (1955); *Walberg v. Mattson,* 38 Wn.2d 808, 232 P.2d 827 (1951), and *Creasman v. Boyle,* 31 Wn.2d 345, 355, 196 P.2d 835 (1948). In the latter case, this court said:

[T]he whole doctrine of resulting trusts is founded upon the principle of a presumed *intention* to create a trust; and where the facts and circumstances are such as reasonably indicate an absence of such intention or indicate a contrary intention, the principle should not be applied. 65 C. J. 366, Trusts, § 141; 4 Pomeroy, Equity Jurisprudence (5th ed.), 82, § 1040.

■ The allegations and the record in this case are bare of any suggestion that, when the property in question was conveyed by the executor to the respondent after the sale had been confirmed by the probate court, there existed any intention on his part to create a trust in favor of the appellants. On the contrary, he had sought the direction of the court to determine whether the appellants or the respondent in this action should have the right to purchase the

property, and the court made the decision that it should be sold to the respondent, which, by virtue of having made the highest bid, was entitled under the provisions of RCW 11.56.110 to purchase the land. It was the respondent, not the appellants, which paid the purchase price. A resulting trust occurs only where the consideration for the property has been paid by another, not where it has been paid by the party who holds the title. Under the circumstances of this case, that doctrine cannot be utilized to establish a right in the appellants to claim the land which the respondent has purchased in good faith and with the approval of a court of law, from whose decision no appeal was taken.

■ There is no claim that the respondent holds the land upon a constructive trust. Fraud or overreaching is not alleged, nor is there in the record the slightest indication that the respondent engaged in either. It was a purchaser in good faith and paid a price appellants imply was greater than the full value of the land. The appellant Foster A. Manning shared in the proceeds of the sale as a residuary beneficiary of the estate. Clear, cogent and convincing proof is essential for the imposition of a constructive trust, whereby equity compels the conveyance of property interests held unjustly or unconscionably to the person justly entitled thereto, and fraud, misrepresentation, bad faith or overreaching usually forms the base upon which a constructive trust is erected. *Humphries v. Riveland,* 67 Wn.2d 376, 407 P.2d 967 (1965).

As the trial court observed in its memorandum opinion, the equities of the case do not favor the appellants. While they had both statutory and actual notice of all the proceedings, they failed to object to the confirmation of the sale, accepted the benefits of the sale, and failed to appeal from the order confirming it or the order approving the final report, exonerating the executor, and ordering distribution of the assets. After waiting more than a year, they brought this action alleging that, upon payment of $25,000—$10,000 less than the sum paid to the estate by the respondent—the property should be conveyed to them.

The facts of this case do not give rise to any trust, whether resulting or constructive.

The appellants rely heavily upon the fact that the executor's deed shows that part of the land is "subject to lease dated October 5, 1960, until harvesting of 1966 crop, to Foster Manning." This posture suggests that they actually conceive of their action as one upon the lease, rather than an action to establish a trust. This inference is fortified by the fact that they have cited no authority in support of their resulting trust theory nor have they attempted to explain how that theory applies to their situation.

But it is obvious that this action cannot be sustained as a suit to enforce a provision of the lease. There is no provision in the lease that a purchaser from the lessor will be bound to sell to the lessee upon the latter's demand. We may assume that the provision giving the lessee a "first right of refusal," as the appellants term it, applies to the lessor's successors. Even so, as the situation stands now, the respondent has not violated that term of the lease. The respondent has not offered the property for sale. Had it done so, after it became the owner and before the lease expired, and had it refused to negotiate with the appellants or had it sold to another whose price the appellants were willing to meet, a more substantial question would be presented. But that is not the situation.

The true substance of the appellants' complaint is that the executor sold the land to the respondent rather than to the appellants. The appellants contend that the lease required the executor to set a selling price and to sell to the appellants at that price, if they were willing to pay it. The superior court, in the probate matter, was asked to rule upon the question whether the executor had such a duty and it ruled that he had no such duty. That court further ruled that the executor should sell the land to the respondent in this action; and it specifically held that in doing so he was in compliance with the probate code and with the terms of the lease.

The appellants were parties who, as heirs and as claimants, were entitled to raise objections in the probate pro-

ceedings, but they elected not to do so. Neither did they avail themselves of the opportunity to appeal from those orders which were expressly foreclosing their claim of a right to purchase the land.

RCW 11.56.130 is unequivocal.[1] Its purpose is to provide for the conveying of the title of the deceased to land sold under the direction of the court in the probating of an estate. It provides:

> No petition or allegation thereof for the sale of real estate shall be considered jurisdictional, and confirmation by the court of any sale shall be absolutely conclusive as to the regularity of all proceedings leading up to and including such sale, and no instrument of conveyance of real estate made after confirmation of sale by the court shall be open to attack upon any grounds whatsoever except for fraud, and the confirmation by the court of any such sale shall be conclusive proof that all statutory provisions and all orders of the court with reference to such sale have been complied with.

■ This court has often said that orders and decrees of distribution made by superior courts in probate proceedings upon due notice as provided by statute are final adjudications having the effect of judgments in rem, and are conclusive and binding upon all persons having any interest in the estate and upon all the world as well. *Batey v. Batey,* 35 Wn.2d 791, 215 P.2d 694 (1950); *In re Estate of Haukeli,* 25 Wn.2d 328, 171 P.2d 199 (1946); *Farley v. Davis,* 10 Wn.2d 62, 116 P.2d 263, 151 A.L.R. 1302 (1941), and cases cited therein.

The trial court correctly held that the only question raised by the appellants in this action was settled contrary to their contention in the probate of the estate of Emily E. Fritz, deceased, and that this action, as an attempted collateral attack upon the decrees and orders entered in that proceeding, cannot be maintained.

The judgment is affirmed.

ALL CONCUR.

---

[1] RCW 11.56.115 (1965 Probate Code) is identical to RCW 11.56.130.