[No. 2237-1.    Division One.    January 10, 1975.]

H. C. GRANDY et al., *Appellants*, v. P. H. LUTHER et al., *Respondents*.

*Howard, Le Gros, Buchanan & Paul* and *Theodore A. Le Gros*, for appellants.

*Detels, Draper & Marinkovich, Martin P. Detels, Jr., Greive & Law*, and *R. R. Bob Greive*, for respondents.

HOROWITZ, J.—Plaintiffs appeal a declaratory judgment in an action to determine the rights of the parties under a certain writing known as the Puget Sound Pilots Trust Contract.

Puget Sound Pilots is an unincorporated association with a membership of 31 pilots operating in the Puget Sound area of Washington. The association's business affairs are administered by an annually elected board of directors. The board is required to perform its duties in conformity with the association's bylaws. The income of the association is derived from fees earned by its pilots. The fees are paid to and pooled by the association. The association deducts all expenses involved; the net remaining is divided equally between the remaining active pilots.

One of the important purposes of the association is to provide pensions for pilots no longer active and for the widows of deceased pilots. From July 1, 1940, the pilots have had a pension plan constituted by an agreement called "Puget Sound Pilots Retirement Fund Agreement." In 1952 the pilots executed what is known as "Puget Sound Pilots Pension Contract," abrogating the prior Puget Sound Pilots Retirement Fund Agreement. In 1961 the 1952 Puget Sound Pilots Pension Contract was modified by written agreement entitled "Puget Sound Pilots Trust Contract." The purpose of the modification was stated to the membership as follows:

> The terms and conditions of the [Trust] Contract have not been changed in any way, only individual words or phrases have been omitted or changed so that the Contract will support the income-tax treatment reflected by amended partnership returns of income for 1957, 1958 and 1960 and the return for 1959 which is in the process of being amended.

The certified public accountant for the association, who helped prepare the 1961 amendment, testified its purpose was "to interpret this contract as a continuing partnership agreement whereby retired Pilots become inactive pilots sharing in the profits of the currently working pilots and the widows to the same extent." The 1961 amendment did not change the level of assessments and benefits provided in the 1952 agreement.

All pilots approved the 1961 amendment. Indeed, Article 30 of the association's bylaws expressly provides "Each member agrees to be bound by the existing Puget Sound Pilots Trust Contract." Under that contract, provision was made for the payment of pensions and for the use of deferred compensation to make such payments possible. At the time of trial, payments as required by the contract were being made to the widow of a deceased pilot and to three retired or inactive pilots. Ten additional pilots were eligible for full pension benefits based on over 20 years of continuous service.

At the conclusion of the trial the court entered findings of fact and conclusions of law. No finding of fact is assigned as error. The following finding and conclusions of law are pertinent to the issues raised:

> That on or about July 1, 1940, Puget Sound Pilots adopted a Puget Sound Pilots Retirement Fund Agreement, which said Agreement was abrogated and terminated on or about February 1, 1952 by the Puget Sound Pilots Trust Contract, which said Contract has been amended from time to time.

Finding of fact No. 3.

> The Puget Sound Pilots Trust Contract is not legally a trust instrument, which is conceded by all parties.

Conclusion of law No. 3.

> The Puget Sound Pilots Trust Contract is a contract among partners making provision for deferred compensation and as such is a valid agreement.

Conclusion of law No. 5.

> The Puget Sound Trust Contract was amended in 1961 and any objections to the manner of amendment as of that date have been waived.

Conclusion of law No. 6.

Plaintiff makes three assignments of error: (1) That the court should have set aside the Puget Sound Pilots Trust Contract and set "up a resulting trust so as to liquidate the invalid trust"; (2) the court erred in determining the trust

contract was "a contract among partners making provision for deferred compensation and as such is a valid agreement"; and (3) the court erred in "attempting to redraft the trust instrument so as to create a device not contemplated by the parties and not requested by the parties in their pleadings."

Plaintiffs contend the Puget Sound Pilots Trust Contract is nothing more than an abortive attempt to create an express trust. They point out the trust was abortive because there is neither a trust fund, nor, for that matter, a trustee to whom the fund has been turned over for administration. *Solomon v. Boschulte*, 200 F.2d 482 (3d Cir. 1952); *Hackner v. Morgan*, 130 F.2d 300 (2d Cir. 1942); *Edisto Nat'l Bank v. Bryant*, 72 F.2d 917 (4th Cir. 1934); *In re United Cigar Stores Co. of America*, 70 F.2d 313 (2d Cir. 1934); *Bradford v. Chase Nat'l Bank*, 24 F. Supp. 28 (S.D.N.Y. 1938); 89 C.J.S. *Trusts* § 9 (1955); 54 Am. Jur. *Trusts* § 32 (1945). *See Buhl v. Kavanagh*, 118 F.2d 315, 320 (6th Cir. 1941); Restatement (Second) of Trusts § 32 (1959).

The trial court, as conceded by all parties, concluded that the Puget Sound Pilots Trust Contract "is not legally a trust instrument . . ." Conclusion of law No. 3. The court further concluded, over plaintiffs' objection, that actually that contract "is a contract among partners making provision for deferred compensation and as such is a valid agreement." Conclusion of law No. 5. Plaintiffs disagree with that conclusion. They insist that once it is determined that the trust contract is an abortive trust, the court must apply the doctrine of resulting trust to the assets of the abortive trust and order a distribution of those assets to those who furnished the moneys represented by those assets.

■ We do not agree. In principle, if the necessary elements are present, a writing may create two sets of obligations, such as a contract and a trust. *Cf. Norton v. McIntosh*, 1 Wn. App. 334, 336, 461 P.2d 348 (1969). A writing may, however, merely purport to create a trust and nothing else.

If the trust requirements are not met, the trust fails and there is no contract to fall back upon to determine the obligations of the parties. On the other hand, if the writing purports to create a trust and a contract, and only the necessary elements of the contract are present, the contract continues in full force and effect without the abortive trust. In such a case the court does not remake the writing. It merely recognizes that the writing contains a set of contractual obligations and that it never did in law contain a trust. These principles were in effect recognized by the trial court's conclusion No. 5 that "The Puget Sound Pilots Trust Contract is a contract among partners making provision for deferred compensation and as such is a valid agreement." If the "trust contract" is a valid contract, it is enforceable in accordance with its terms and is a valid expression of the intention of all parties thereto.

█ Assuming arguendo the 1952 Puget Sound Pilots Trust Contract as modified is nothing more than an abortive trust, there is still no basis for applying the resulting trust doctrine so as to require cessation of the pension scheme heretofore described. A resulting trust is based upon the presumed intention of the parties. *Manning v. Mount St. Michael's Seminary*, 78 Wn.2d 542, 477 P.2d 635 (1970); *Creasman v. Boyle*, 31 Wn.2d 345, 196 P.2d 835 (1948); *Whatcom Builders Supply Co. v. H.D. Fowler, Inc.*, 1 Wn. App. 665, 463 P.2d 232 (1969). It is not imposed contrary to the ascertained intention of the parties. *Long v. Kyte*, 340 S.W.2d 623 (Mo. 1960); Restatement (Second) of Trusts §§ 411, 412, 431, 441 (1959); 5 A. Scott, *Trusts* §§ 411, 412, 431, 441 (1967). As stated in Restatement (Second) of Trusts § 412 (1959):

> Where the owner of property transfers it upon a trust which fails, the transferee does not hold the trust estate upon a resulting trust if the transferor properly manifested an intention that no resulting trust should arise upon the failure of the trust.

Here there is a clear manifestation of the intention not to liquidate but rather to pay pensions to inactive pilots and

widows of deceased pilots, the pensions to be financed by a scheme of deferred compensation. Having determined the trust contract is enforceable as a partnership contract, we need not further discuss the assumption arguendo the contract is nothing but an abortive trust. Whether the trust contract is an abortive trust or a partnership contract, the manifest intention of the parties precludes a liquidation. *See Whatcom Builders Supply Co. v. H.D. Fowler, Inc., supra* at 672-73. We do not agree with plaintiffs' third assignment of error. The complaint for declaratory judgment prays the court to "declare the rights of the parties" under the trust contract. Conclusion of law No. 5 was a permitted response to that prayer for relief.

Affirmed.

SWANSON, C.J., and WILLIAMS, J., concur.