**In re David Joseph BRUNTZ, aka David J. Bruntz, aka Dave Bruntz, Gail Irene Bruntz, aka Gail Bruntz, nee Gail Bubke, Debtors.**

**Bankruptcy No. 80–04399.**

United States Bankruptcy Court,
N. D. Iowa,
Western Division.

April 15, 1981.

Donald H. Molstad, Sioux City, Iowa, for Beneficial Finance Co., objector.

A. Frank Baron, Sioux City, Iowa, for debtors.

WILLIAM W. THINNES, Bankruptcy Judge.

The matter before the Court is the objection filed by Beneficial Finance Company of Iowa, Inc., to confirmation of debtors' Chapter 13 Plan. Hearing was held at which Attorney Donald H. Molstad represented the objector and Attorney A. Frank Baron represented the debtors. Now being fully advised, the Court now makes the following Findings of Fact, Conclusions of Law, and Orders:

## FINDINGS OF FACT

1. Debtors filed their Petitions under Chapter 13 of the Bankruptcy Code on December 1, 1980. Their Chapter 13 Plan was filed at the same time as the Petition.

2. Among other provisions, debtors' plan provided for the avoidance of a nonpossessory, nonpurchase-money security interest held by Beneficial Finance Company of Iowa in exempt property of the debtors.

3. The property as to which debtors seek to avoid Beneficial's lien is exempt to the debtors.

4. The property as to which debtors seek to avoid the lien is that type of property included within the purview of § 522(f)(2)(A), (B) and (C) as being subject to lien avoidance.

5. Debtors' loan from Beneficial was obtained on December 5, 1978, and a note and security agreement were executed by the debtors on that date. The security agreement gave Beneficial a security interest in debtors' household goods, furnishings and appliances.

6. Beneficial has objected to confirmation of debtors' plan and to the avoidance of its lien on debtors' household goods, alleging that § 522(f)(2) is unconstitutional as applied to a security interest created prior to the effective date of the Bankruptcy Code, October 1, 1979.

## CONCLUSIONS OF LAW

1. The enactment of the Bankruptcy Reform Act on November 6, 1978, put objector Beneficial Finance Company of Iowa on

notice that its nonpossessory, nonpurchase-money security interest would be subject to avoidance if debtor filed a Petition in Bankruptcy.

2. Section 522(f)(2) of the Bankruptcy Code is constitutional as applied to security interests created after November 6, 1978, the date of enactment of the Bankruptcy Reform Act, but prior to October 1, 1979, the effective date of the Bankruptcy Code.

3. Objector's objection to confirmation of debtors' Chapter 13 Plan should be overruled.

## ORDER

IT IS THEREFORE ORDERED that the Objection to Confirmation filed on behalf of Beneficial Finance Company of Iowa, Inc., is hereby overruled.

## MEMORANDUM

There is no dispute as to the facts herein. On December 5, 1978, debtors borrowed money from Beneficial Finance Company of Iowa, Inc., and voluntarily executed a security agreement giving Beneficial a security interest in certain of their household goods, furnishings and appliances. Beneficial properly perfected its security interest pursuant to Iowa law. On December 1, 1980, debtors filed their Chapter 13 Petition and their Chapter 13 Plan. The Plan included a provision for the avoidance of the lien of the security interest in their household goods held by Beneficial.

Beneficial objected to the confirmation of the debtors' Plan on the basis that avoidance of its lien, which was created prior to the effective date of the Bankruptcy Code, would be an unconstitutional denial of due process. For the reasons given below, this Court holds that the avoidance of the lien would not be unconstitutional.

This Court has previously held, in *In re Hammer, Hammer v. Beneficial Finance Co.*, 9 B.R. 343, BLR ¶ 67,892 (N.D.Iowa 1981), that the avoidance of the lien of a security interest created prior to November 6, 1978, the date of the enactment of the Bankruptcy Reform Act of 1978, is a viola-

tion of the due process clause of the Fifth Amendment to the Constitution of the United States and therefore unconstitutional. We found that the intent of Congress was that § 522(f)(2) be applied retroactively to liens created prior to the enactment of the Bankruptcy Reform Act in bankruptcy cases filed under the Code (after October 1, 1979), but that as so applied, the section was unconstitutional as a taking of creditor's property without due process of law in violation of the Fifth Amendment. See *Hammer, id.*, Division II.

■ Having found that Congress intended the retroactive application of § 522(f)(2), the Court must now address the question whether the retroactive application of § 522(f)(2) to security interests created after enactment of the Bankruptcy Code but prior to the effective date of the Code violates the due process clause of the Fifth Amendment.

Here, as in *Hammer, id.*, the retroactive application of the avoidance provision would eliminate Beneficial's pre-effective-date security interest in debtors' property and deprive Beneficial of all the rights and remedies available to it under the security agreement and Iowa law. It would be left in the position of a general unsecured creditor of these debtors. Nevertheless, for the reasons stated below, this Court holds that the retroactive application of § 522(f)(2) to security interests created after the enactment but before the effective date of the Bankruptcy Code does not constitute a taking of vested property rights without just compensation such as would violate the due process clause.

■ We begin our discussion with the generally accepted presumption of validity of any Act of Congress. In general, when the issue of constitutionality is in doubt, the trial court should resolve any such doubts in favor of constitutionality. *In re Boulton*, 6 BCD 233, 1 CBC 2d 817, 4 B.R. 498 (S.D. Iowa 1980). The burden of establishing the unconstitutionality of a statute rests on him who assails it. *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 96 S.Ct. 2882, 49

L.Ed.2d 252 (1976); *In re Baker*, 6 BCD 747, 2 CBC 2d 844, 5 B.R. 397 (W.D.Mo.1980).

Further, the United States Constitution, Article I, Section 8, Clause 4, has given to Congress the power to legislate on the subject of bankruptcy. This power must be read into contracts as constituting a part thereof. *In re Curry*, 2 CBC 2d 710, 5 B.R. 282 (N.D.Ohio 1980); *Wright v. Union Central Life Ins. Co.*, 304 U.S. 502 at 516, 58 S.Ct. 1025, at 1033, 82 L.Ed. 1490 (1938). A mortgagee's rights are at all times subject to bankruptcy legislation by Congress, provided only that the bankruptcy provisions are consonant with fair, reasonable and equitable distribution of the debtor's assets. *In re Chicago, R. I. & P. R. Co.*, 90 F.2d 312, 316 (7th Cir. 1937). Legislation readjusting the rights and burdens of the parties to a transaction is not unlawful solely because it upsets otherwise settled expectations. *Curry, supra; Matter of Primm*, 2 CBC 2d 1170 (Ks.1980).

The fact that the Code applies retroactively presents no concern unless the retroactivity is unreasonable. *In re Beck*, 6 BCD 491, 2 CBC 2d 738, 4 B.R. 661, BLR ¶ 67,531 (C.D.Ill.1980). For the provisions of the Bankruptcy Code to violate the Fifth Amendment they must be so grossly arbitrary and unreasonable as to be incompatible with fundamental law. *In re Curry, supra; Campbell v. Alleghany Corp.*, 75 F.2d 947 (4th Cir. 1935); *In re Head*, 6 BCD 489, 2 CBC 2d 366, 4 B.R. 521 (E.D.Tenn. 1980). The *Curry* case points out that the avoidance of liens under the Code is strictly limited—to nonpossessory, nonpurchase-money security interests in three categories of property: (1) household goods; (2) tools of the debtor's trade; and (3) prescribed health aids. These categories encompass the minimum property required for the maintenance, health and welfare of the debtor and his or her family.

The *Campbell* case was one in which the Fourth Circuit approved a corporate reorganization plan to which creditors had objected. The Court there stated:

A secured debt or lien is, so far as the Constitution of the United States is concerned, a no more sacred kind of property than an unsecured debt ... and the Constitution especially permits and grants to Congress the exercise of the power to affect such property, whether it be an unsecured debt or whether it be a lien, by laws relating to the subject of bankruptcies.

The avoidance of nonpurchase-money liens on household furnishings is not only reasonable but essential in meeting the plainly enunciated Congressional intent to give debtors resorting to bankruptcy a fresh start. As is stated by the Court in the *Head* case,

The purpose of allowing exemptions is to provide the debtor with sufficient property to support himself and his dependents and to make a fresh start. This purpose would be defeated if nonpurchase-money creditors were allowed to repossess necessary household furniture.

*In re Head*, 6 BCD at 491, 2 CBC 2d at 369, 4 B.R. 521 (E.D.Tenn.1980).

Several of the cases have referred to the statement in the House of Representatives report, H.Rep.595, 95th Congress, 1st Session, 362 (1977), U.S.Code Cong. & Admin. News 1978, p. 5787, to the effect that creditors lending money to a consumer debtor and taking a security interest in all of the debtor's belongings often do so more to obtain psychological advantage over the debtor than to obtain any substantial property right. The creditor can use the threat of repossession of debtor's household goods, which have very little resale value for the creditor but would be very expensive for the debtor to replace, to force a debtor to pay an otherwise dischargeable debt.

The ... provision allows the debtor ... to undo the consequences of a contract of adhesion, signed in ignorance, by permitting the invalidation of nonpurchase-money security interest in household goods. Such security interests have too often been used by overreaching creditors. This bill eliminates any unfair advantage the creditors have.

H.Rep.No.595, 95th Cong., 1st Sess. 126–27 (1977), U.S.Code Cong. & Admin.News 1978, p. 6088.

Finally, and of paramount importance, is the fact that upon the enactment of the Bankruptcy Reform Act, including the Bankruptcy Code, on November 6, 1978, the public in general, and lenders in particular, were put on notice of the provisions of the Code. They can now claim no surprise concerning the Code's impact on their lien rights. *In re Sweeney*, 7 B.R. 814, BLR ¶ 67,834 (Bkrtcy.E.D.Wis.1980); *In re Head*, 6 BCD 489, 2 CBC 2d 366, 4 B.R. 521 (E.D. Tenn.1980); *In re Steinart*, 6 BCD 623, 2 CBC 2d 166, 4 B.R. 354, BLR ¶ 67,457 (W.D. La.1980). As stated by the 7th Circuit in *In re Prima Co.*, 88 F.2d 785 (7th Cir. 1937), "The law is that parties to contracts are chargeable with knowledge that their rights and remedies are affected by existing and future bankruptcy laws."

For these reasons, therefore, this Court finds that Beneficial's objection to confirmation must be overruled, and we have entered an Order in accordance therewith.