In the Matter of Charlie Braxton
WOOD, Jr., and Sheilah Holder
Wood, Debtors.

Charlie Braxton WOOD, Jr., and Sheilah
Holder Wood, Plaintiffs,

v.

PROVIDENT FINANCE COMPANY,
Defendant.

Bankruptcy No. 80–02798–5.
Adv. No. 81–0049–AP.

United States Bankruptcy Court,
E. D. North Carolina.

Aug. 6, 1981.

---

Leonard G. Green, Smithfield, N. C., for debtors.

Robert A. Spence, Jr., Smithfield, N. C., for defendant.

## OPINION AND ORDER

THOMAS M. MOORE, Bankruptcy Judge.

This matter comes on to be heard upon the complaint filed with the Court on January 29, 1981, seeking to recover possession of certain household goods and damages from the defendant.

After considering all the evidence, the Court finds the facts to be as follows:

## FINDINGS OF FACT

The debtors borrowed Six Hundred Thirty-Eight and 83/100 Dollars ($638.83) from Provident Finance Company (hereinafter "Provident") on December 31, 1979, to be repaid by the debtors in thirty-six (36) monthly installments. The total amount of the finance charge was Three Hundred Thirty-Three and 17/100 Dollars ($333.17).

In exchange for the loan, the debtors executed a written security agreement giving Provident a security interest in their household goods consisting of a sofa and chair, two end tables, television, dinette set, refrigerator, bedroom suite, freezer, stove and range. The security agreement provided for the debtors to retain possession of their household goods.

The debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 8, 1980. Prior to the filing of the petition, Provident repossessed the sofa and chair, two end tables, television, dinette set, refrigerator and the bedroom suite under Writ of Possession issued by the Small Claims Court. The refrigerator, dinette set and bedroom suite were sold at a private sale. No written notice of the sale was sent to the debtors. The sofa and chair, two end tables and television are still in the possession of Provident.

The debtors, pursuant to Section 522(f)(2) of the Bankruptcy Code, filed an adversary proceeding (Adversary Proceeding No. 81–0035–AP) to avoid Provident's non-possessory, non-purchase money security interest in all of the above-described household goods. Provident did not file an answer in that adversary proceeding and a default judgment was entered on February 9, 1981.

## ISSUES

There are two issues before the Court in this adversary proceeding. The first issue is to what extent, if any, is Provident liable in damages to the debtors for its failure to

send them written notice of the private sale. The second issue is whether Provident acquired a possessory lien in the household goods by its repossession of the household goods prior to the filing of the petition under Chapter 7 of the Bankruptcy Code.

### CONSIDERATION OF ISSUES

N.C.G.S. § 25–9–507(1) provides that if it is established that the secured party is not proceeding in accordance with the provisions under the Uniform Commercial Code concerning the disposition of the collateral, the debtor has a right to recover "from the secured party any loss caused by a failure to comply with the provisions . . ." At a minimum, if the collateral is consumer goods, the debtor has a right to recover "an amount not less than the credit service plus 10 percent (10%) of the principal amount of the debt . . ."

A secured party after default may sell the collateral pursuant to N.C.G.S. § 25–9–504 which provides that disposition may be by public or private proceedings. Subsection (3) requires reasonable notification of the time after which any private sale is to be made shall be *sent* by the secured party to the debtor.

N.C.G.S. § 25–1–201(38) defines the word "send" in connection with any writing or notice to mean "to deposit in the mail or deliver for transmission by any other usual means of communication with postage or cost of transmission provided for and properly addressed . . ."

Section 522(f)(2) of the Bankruptcy Code provides that the debtor may avoid a non-possessory, non-purchase money security interest in the debtors' household goods to the extent that the lien impairs an exemption to which the debtors are entitled.

A creditor may have a possessory security interest in property only if, pursuant to the agreement between the debtor and creditor, it is agreed that the creditor will have possession of the collateral. N.C.G.S. § 25–9–203.

### CONCLUSIONS OF FACT AND LAW

■ This Court concludes that pursuant to N.C.G.S. § 25–9–504(3) Provident was required to send written notice to the debtors as to the time after which a private sale would be held. Having failed to do so, Provident is liable to the debtors to the amount of Three Hundred Ninety-Seven and 05/100 Dollars ($397.05) [the finance charge of Three Hundred Thirty-Three and 17/100 Dollars ($333.17) plus ten percent (10%) of Six Hundred Thirty-Eight and 83/100 Dollars ($638.83), the amount financed].

■ This Court further concludes that the security interest of Provident in the sofa and chair, two end tables and television is a non-possessory, non-purchase money security interest, notwithstanding the fact that Provident now has possession of these items. The agreement between Provident and the debtors provided for the debtors to retain possession of the collateral. The subsequent possession by Provident was not as a result of a voluntary agreement that Provident should have a possessory security interest in the collateral. Accordingly, the debtors are entitled to have these items returned to them; now therefore,

IT IS ORDERED that Provident Finance Company be, and the same hereby is, directed to pay to the debtors the sum of Three Hundred Ninety-Seven and 05/100 Dollars ($397.05).

IT IS FURTHER ORDERED that Provident Finance Company surrender on demand of the debtors, the sofa and chair, two end tables and television set now in its possession.