**In re Bill Manford BUCKMAN and Clara Mae Buckman, Debtors.**

**Bill Manford BUCKMAN and Clara Mae Buckman, Plaintiffs,**

v.

**PERSONAL FINANCE COMPANY, City Finance Company and Aetna Finance Company, Defendants.**

**Bankruptcy No. S80–10308.**

**Adv. No. S80–1081.**

United States Bankruptcy Court, N.D. Mississippi, E.D.

Dec. 22, 1982.

Barry J. Walker, Tupelo, Miss., for plaintiffs/debtors.

Michael D. Jonas, Aberdeen, Miss., for defendant City Finance Co.

## MEMORANDUM OPINION

EUGENE J. RAPHAEL, Bankruptcy Judge.

On July 14, 1980, the above-named debtors filed their joint voluntary petition in bankruptcy under Chapter 7 of the 1978 Bankruptcy Code. The schedules filed with the petition showed the above-named defendants as secured creditors, having liens on various items of household furniture. Such schedules claimed all of the household furniture as exempt under section 522(d) of title 11, United States Code.

Said debtors, as plaintiffs herein, filed their complaint denominated "Application for Avoidance of Liens" on August 28, 1980. The prayer (denominated "application") of said complaint sought the avoidance of the liens of the defendants, Personal Finance Company, City Finance Company and Aetna Finance Company.

Summonses requiring answers were duly served on each of the defendants. Only defendant City Finance Company (signing as City Finance Company of Miss., Inc.) answered said complaint, and defendants Personal Finance Company and Aetna Finance Company defaulted and remain in default.

On December 23, 1980, defendant City Finance Company of Miss., Inc., filed its motion for summary judgment. On December 29, 1980, a notice of hearing was served setting the trial of the case and a hearing on the motion for summary judgment for February 11, 1981. The hearing proceeded only on the motion for summary judgment. No testimony or affidavits were offered, but the parties stipulated to the following facts:

(a) That on August 28, 1978, the debtors executed a combined note and security agreement and disclosure statement giving City Finance Company of Miss., Inc., a non-purchase money, non-possessory

lien on certain household furniture and appliances. Exhibit "A" to this opinion describes the property involved in this adversary proceeding.

(b) That the loan of August 28, 1978, was a renewal of a previous loan and security agreement entered into by the same parties in the year 1976; that on March 4, 1976, a Uniform Commercial Code financing statement had been filed by the City Finance Company of Miss., Inc., in the office of the Chancery Clerk of Lee County, Mississippi; which was at the time of the renewal of the loan and at the time of the filing of the petition in bankruptcy still in full force and effect. Said security agreement and financing statement covered "all of debtors' household goods, appliances, equipment, furniture and personal property of every kind, nature and description now located and hereafter acquired in and about debtors' premises at their address set forth above, and proceeds".

(c) The amount owing by the debtors to the defendant City Finance Company of Miss., Inc., is $2,108.29; and

(d) That none of the items as to which the lien is sought to be avoided has a value in excess of $200.00, and that all of said items have been claimed as exempt by the debtors.

Defendant City Finance Company of Miss., Inc., in its motion for summary judgment, asserts that subsection (f) of section 522 of title 11, United States Code, was enacted into law as part of the Bankruptcy Reform Act of 1978, which was enacted on November 6, 1978, and became effective October 1, 1979; that the security interest of the defendant City Finance of Miss., Inc., came into being prior to the enactment of said Bankruptcy Reform Act of 1978; and that to apply the provisions of said statute with respect to the avoidance of liens on exempt property would result in the taking of said defendant's property without due process of law in violation of the Fifth Amendment to the Constitution of the United States.

Under the procedural posture of this adversary proceeding, it is obvious that plaintiffs are entitled to judgments by default insofar as their prayers for relief against defendants Personal Finance Company and Aetna Finance Company are concerned; inter alia the record is silent as to when their respective liens were established.

Insofar as defendant City Finance Company of Miss., Inc., is concerned, judicial notice of the procedural posture of this adversary proceeding and of the aforementioned stipulated facts leads this court to the conclusion that the only question remaining for the court to decide is a legal question; namely: "Is section 522(f)(2) of the Bankruptcy Code, which permits debtors to avoid non-possessory, non-purchase money liens on certain exempt property, applicable to those liens which were established before the enactment date of the Bankruptcy Reform Act of 1978?" The dispositive answer to this question is found in the decision of the United States Supreme Court in *United States vs. Security Industrial Bank,* —— U.S. ——, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982), during the pendency of the instant adversary proceeding. In that case the United States Supreme Court refused to abrogate creditors' property rights established before the enactment date of the 1978 Bankruptcy Reform Act (Bankruptcy Code) "... in the absence of a clear expression of Congress' intent to apply section 522(f)(2) to property rights established before the enactment date ...". The issue of whether retrospective application of section 522(f) would violate the creditors' Fifth Amendment due process rights was not reached. Rather, the court applied the principle that when a statute raises constitutional doubts, a determination will be made as to whether, as a matter of statutory construction, the constitutional question may be avoided. Since there was an absence of a clear expression of congressional intent to apply section 522(f)(2) to pre-enactment property rights, the law was construed to be inapplicable to those rights.

Furthermore, in *footnote number 11 to* the court's opinion the following statement appeared:

"Because all of the liens at issue in this case were established before the enactment date we have no occasion to consider whether section 522(f)(2) should be applied to liens established after Congress passed the Act, but before it became effective."

Suffice it to say that the lien of City Finance Company of Miss., Inc., was established prior to the November 6, 1978, enactment date of the 1978 Act. The holding in *United States vs. Security Industrial Bank,* supra, clearly controls the legal issue in the instant proceeding.

Accordingly, the order which will be entered by this court will grant default judgments for lien avoidances as to defendants Personal Finance Company and Aetna Finance Company respectively, will grant the motion for summary judgment filed by City Finance Company of Miss., Inc., will deny plaintiffs' prayer for avoidance of the lien of defendant City Finance Company of Miss., Inc., and will dismiss with prejudice plaintiffs' complaint insofar as defendant City Finance Company of Miss., Inc., is concerned.