In the Matter of Daniel V. & Laurie KELLER, Debtors.

Daniel V. & Laurie KELLER, Plaintiffs,

v.

HOUSEHOLD FINANCE CORPORATION RETAIL SERVICES, INC., Defendant.

Bankruptcy No. 81–2096.
Adv. No. 82–102.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 16, 1983.

Lynn Tepper Sestak, Port Richey, Fla., for plaintiffs.

Robert L. King, Tampa, Fla., for defendant.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS IS an adversary proceeding initiated by a complaint to avoid a lien impairing Debtor's exemptions filed by Daniel V. Keller and Laurie Keller, Chapter 7 Debtors in the above-styled case, against Household Finance Corporation Retail Services, Inc. The matter under consideration is the Debtors' right to avoid a security interest on household furnishings pursuant to 11 U.S.C. § 522(f). At the pretrial conference this Court determined that there were no material issues of fact in dispute and that, therefore, this controversy would be resolved as a matter of law.

The following facts are undisputed: On February 8, 1979, the Debtors entered into a revolving charge account and security agreement with Unclaimed Freight. Using the above charge account, Debtors purchased a living room sofa, loveseat and chair. Unclaimed Freight assigned its rights under the contract to the Defendant Household Finance Corporation Retail Services, Inc. (Household). On January 11, 1980, the Debtors, using the same charge account, purchased a bedroom suite consisting of a tall dresser, mirror, chest, headboard and nightstand.

The parties agree that the Defendant holds a security interest on the above-described living room and bedroom furniture. The legal issue to be decided is whether the lien is of such a type and character that the Debtors have a right to avoid the lien under 11 U.S.C. § 522(f).

■ The original security agreement was entered into on February 8, 1979, which was after the Bankruptcy Reform Act was enacted, but before it became effective. The United States Supreme Court has determined that liens secured prior to the enactment of the present Bankruptcy Code may not be avoided under § 522(f). *United States v. Security Industrial Bank,* —— U.S. ——, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982). The Court, however, expressly refused to address the constitutionality of applying § 522(f) to security interests such as the one at issue here, created during the "gap period" between the enactment date and the effective date of the Bankruptcy Reform Act. *Id.* at —— n. 11, 103 S.Ct. at 414 n. 11. Although there is a split of authority on this issue, this Court is of the opinion that the better view is that "gap period" liens may be avoided pursuant to § 522(f) consistent with the Due Process Clause of the Fifth Amendment. Creditors and their attorneys may reasonably be imputed with knowledge and understanding of a newly enacted law. *Webber v. Webber (In re Webber),* 674 F.2d 796, 804 (9th Cir. 1982).

■ This Court must next consider whether § 522(f) is applicable to the facts in this case.

Section 522(f) provides:

". . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
    (2) a nonpossessory, nonpurchase money security interest in any—
        (A) household furnishings . . ."

It is without dispute that the Defendant holds a lien on the Debtors' property and that the lien impairs an exemption to which the Debtors would be otherwise entitled under § 522(b) and Article X, Section 4 of the Florida Constitution. To fall within the scope of § 522(f), the lien must be either a judicial lien or a nonpossessory, nonpurchase-money security interest. The Bankruptcy Code does not define a "nonpurchase money security interest," thus, the terms must be defined if possible with reference to local law. Florida has enacted the Uniform Commercial Code which provides a definition of a "purchase money security interest" in Florida Statute Section 679.107 (1981), which reads as follows:

"A security interest is a 'purchase money security interest' to the extent that it is:
(1) Taken or retained by the seller of the collateral to secure all or part of its price; or
(2) Taken by a person who by making advances or receiving an obligation gives value to enable the debtor to acquire rights in or the use of collateral if such value is in fact so used."

■ The statute itself does not address the issue of whether assignment destroys the purchase money character of the loan. Both the Florida Code Comments and Uniform Commercial Code Comments, however, indicates that "a financing agent has a similar interest when it advances money to a seller with an assignment back of chattel paper." See also, *Popoca v. Household Retail Services (In re Popoca),* 14 B.R. 605 (Bkrtcy.N.D.Ohio 1981); 68 Am.Jur.2d *Se-*

cured Transactions, § 108 (1973). Based on the foregoing, this Court is satisfied that the assignment of the installment contract from Unclaimed Freight to Household Finance did not destroy the purchase money character of the original security interest and it remained a purchase money security interest in spite of the assignment.

Household Finance contends that because it is the holder of a valid purchase money security interest, its lien cannot be avoided pursuant to § 522(f) which applies only to judicial liens and nonpossessory, nonpurchase money security interests. The Plaintiff Debtors, on the other hand, contend that the contract fails to indicate the order in which purchases are to be paid off, making it possible for the collateral to secure a debt other than its own price and is, therefore, not a purchase money security interest. In support of this view, the Debtors rely on Roberts Furniture Co. v. Pierce (In re Manuel), 507 F.2d 990 (5th Cir.1975).

■ This Court is of the opinion that the Debtors' reliance on Roberts Furniture Co. is misplaced given the facts in the present case. Had the contract between the Debtors and Unclaimed Freight failed to indicate the order of payment as the Debtors contend it did, the Defendant's security interest would not be a purchase money security interest and the Debtors would be able to avoid the lien pursuant to § 522(f). However, contrary to Plaintiffs' contention, the security agreement at issue clearly provides that "payments will be applied first to the unpaid amount of [the] oldest purchase or, when made on the same day, to the lowest priced." Roberts Furniture Co., supra, therefore, does not apply to the present proceeding and this Court recognizes that the Defendant has a valid purchase money security interest in whatever items of the Debtors' furniture not yet paid for under the terms of the contract. Therefore, the Debtors are not entitled to avoid Defendant's lien under § 522(f).

A separate final judgment will be entered in accordance with the foregoing.