PER CURIAM:
These cases involve small loan company creditors who acquired non-possessory, non-purchase money security interests from debtors before the passage of the Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, 92 Stat. 2549 (“the 1978 Act”). The debtors subsequently instituted bankruptcy proceedings and sought to claim exemptions for the assets involved and to avoid these security interests under 11 U.S.C. § 522(f)(2). The creditors responded that the application of section 522(f)(2) to their security interests would be unconstitutional in that it would constitute a taking of their property without due process of law. The United States intervened to support the constitutionality of section 522(f)(2) and to urge its retroactivity.
The Bankruptcy Court for the Eastern District of Virginia held that section 522(f)(2) should be applied to avoid security interests created on or after November 6, 1978, the date the Act was signed into law. This ruling obviated the necessity for determining the constitutionality of section 522(f)(2) should it be applied retroactively. The United States appealed, contending that the Act was constitutional and should be applied to preexisting obligations.
After hearing oral argument this court entered an order deferring decision in these cases pending a decision of the United States Supreme Court in Rodrock v. Security Industrial Bank, 642 F.2d 1193 (10th Cir.1981), a case dealing with the identical problem posed before us.
On November 30,1982, the United States Supreme Court handed down a decision in United States v. Security Industrial Bank, et al., - U.S. -, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982), involving a number of related cases emanating from the Tenth Circuit. In its opinion, the Court held that section 522(f)(2) was not meant to act retrospectively so as to destroy pre-enactment property rights. This being so, it was not necessary to determine whether a retroactive application of the section would pass constitutional muster.
Accordingly, upon the authority of Security Industrial Bank and for the reasons set forth therein, we affirm the decisions of the Bankruptcy Court for the Eastern District of Virginia in these cases.
AFFIRMED.