McWILLIAMS, Circuit Judge.
These consolidated cases concern the effect of 11 U.S.C. § 522(f)(2), which permits individual debtors in bankruptcy proceedings to avoid nonpossessory, nonpurchasemoney liens on certain property. The issue in each case is whether section 522(f)(2) may be applied to so-called “gap period” liens, i.e., liens created after the enactment but before the effective date of the Bankruptcy Reform Act of 1978 (Act).[1] The bankruptcy court, 9 B.R. 775, held that the avoidance provisions did not apply on the basis that the application of section 522(f)(2) to such liens would impair vested property rights and therefore violate due process.[2] We reverse.
The bankruptcy court’s decision was based, to a large extent, on our reasoning in Rodrock v. Security Industrial Bank, 642 F.2d 1193 (10th Cir.1981), aff’d sub nom. on other grounds, United States v. Security Industrial Bank, - U.S. -, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982). Rodrock, however, dealt with liens created before the enactment of the Act. For that reason, the bankruptcy court’s reliance on Rodrock was misplaced.[3] For like reason, Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935), which was also relied on by the bankruptcy court, is inapplicable.
In our view, the correct analysis of the present issue is set forth in Webber v. Credithrift of America, Inc., 674 F.2d 796 (9th Cir.1982), cert. denied, - U.S. -, 103 S.Ct. 567, 74 L.Ed.2d 931 (1982). There, the court ruled that Congress intended that section 522(f)(2) should apply to “gap period” liens and that the application of section 522(f)(2) to such liens does not violate due process because persons acquiring liens dur *453 ing the “gap period” had notice of the future effect of the Act.[4] Id. at 804.
Judgment reversed and cases remanded for further proceedings consonant with this opinion.

. In each case one of the appellees had loaned the debtor money and obtained and perfected a lien on the debtor’s furnishings and appliances after the Act was enacted on November 6, 1978 but before it went into effect on October 1, 1979. None of the liens was possessory, and none secured purchase-money obligations.

. The United States, intervenor in the bankruptcy proceedings, appeals from the judgment of the bankruptcy court.

. For the same reason, the analysis employed by the Supreme Court in disposing of the appeal from our decision in Rodrock does not apply to these cases.

. We note that the Supreme Court in United States v. Security Industrial Bank, - U.S. -, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982) suggests that the issue raised in these cases should also be analyzed in light of the fifth amendment’s proscription of uncompensated takings. Neither the bankruptcy court nor the parties used “takings” analysis however. And in any event, the result in these cases would not differ even if a “takings” analysis were employed, since the notice argument advanced in Webber would apply with equal force in that context.