In re Daniel L. McFARLAND and Linda Kay McFarland, Debtors.

Daniel L. McFARLAND and Linda Kay McFarland, Plaintiffs,

v.

FARMERS PRODUCTION CREDIT ASSOCIATION, Defendant.

Bankruptcy No. 83–02091.
Adv. No. 83–0461W.

United States Bankruptcy Court,
N.D. Iowa.

Oct. 31, 1983.

David S. Kelsen, Waterloo, Iowa, for plaintiffs.

T.J. McDonough and Marilyn S. Scheer, Des Moines, Iowa, for defendant.

Michael C. Dunbar, Waterloo, Iowa, Trustee/Objector.

Findings of Fact, Conclusions of Law and *ORDERS* Sustaining Complaint to Avoid Lien, with Memorandum

WILLIAM W. THINNES, Bankruptcy Judge.

The matter before the Court is a Complaint filed by Daniel L. and Linda Kay McFarland (Debtors) seeking to avoid certain liens held by the Farmers Production Credit Association (PCA). Attorneys T. James McDonough and Marilyn S. Scheer represented the PCA and Attorney David S. Kelsen represented the Debtors. The parties stipulated to the facts at the hearing and later a written Stipulation was furnished to this Court.

Being fully advised and pursuant to F.R. B.P. 7052, this Court now makes the following Findings of Fact, Conclusions of Law, and Orders.

## I. *Statement of the Case*

In their First Amendment to Schedule B–4,[1] the Debtors claimed the following properties as exempt:

706 I H Tractor
Noble Cultivator
Westendorf Loader
1978 Forage King Spreader
Heston Stacker
Farmhand Grinder Mixer
International Plow
1978 Chev. ¾ T pickup.

In their instant Complaint, the Debtors seek to avoid a lien in favor of the PCA on the above-described properties pursuant to 11 U.S.C. § 522(f)(2).

PCA's lien was created by perfection of a security agreement on August 28, 1979. Noting that § 522(f)(2)—signed into law by

---

**1.** The trustee filed an objection to the Debtors' claim of exemptions contained in this First Amendment. Pursuant to an agreement on the record, the Debtors recently filed a Second Amendment to Schedule B–4. This Second Amendment does not appear to strike the exemptions claimed in the First Amendment; rather, the Second Amendment purports to make *"additions"* to Schedule B–4 previously filed. *See* Second Amendment to Petition (filed 9/20/83). In light of the parties' agreement at the objection to exemption hearing that no further objection would be lodged when the Debtors amend their exemption claim, this Court assumes that the exemptions claimed in the First Amendment are proper.

the President on November 6, 1978, *see* 1 *Collier on Bankruptcy* ¶ 1.03, at 1–57 (15th ed. 1983)—did not become effective until October 1, 1979, *see* P.L. 95–598, § 402(a), 92 Stat. 2682, PCA contends that retroactive application of § 522(f)(2) violates its due process rights under the Fifth Amendment to the United States Constitution. This contention is without merit.

## II. *Retroactive Application*

■ PCA first argues that § 522(f)(2) should not be applied to a lien created during the gap period between the enactment and effective date of § 522(f)(2). To support its position, PCA relies primarily on *United States v. Security Industrial Bank,* 459 U.S. 70, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982).

The liens in question in *Security Industrial Bank* were created before the enactment of § 522(f)(2). *Id.* 103 S.Ct. at 409. While the issue appeared to be whether application of § 522(f)(2) to a pre-enactment lien violated the Fifth Amendment, *see id.,* the Court focused instead on the statutory question of whether Congress intended to apply § 522(f)(2) retroactively to a pre-enactment lien. *Id.* at 410, 412. Applying rules of statutory construction "familiar to every law student," *id.* at 413, the Court held that Congress did not intend to apply § 522(f)(2) retroactively to pre-enactment liens. *Id.* at 414.

PCA's reliance on *Security Industrial Bank* is misplaced. First, unlike the gap lien in the case at bar,[2] the Court in *Security Industrial Bank* was faced with a pre-

enactment lien. *Id.* at 409. Indeed, the Court noted that it had "no occasion to consider whether § 522(f)(2) should be applied to liens established after Congress passed the Act, but before it became effective." *Id.* at 414 n. 11. Thus, the instant case is factually distinguishable from *Security Industrial Bank.*

Second, this Court has thrice impliedly held that § 522(f)(2) applies retroactively to gap liens. *In re Zweibahmer,* 25 B.R. 453, 457 (Bkrtcy.N.D.Iowa 1983); *In re Averhoff,* 18 B.R. 198, 201–02 (Bkrtcy.N.D.Iowa 1982); *In re Bruntz,* 10 B.R. 444, 446 (Bkrtcy.N.D.Iowa 1981). While *Zweibahmer, Averhoff,* and *Bruntz* were decided before *Security Industrial Bank,* this Court is not persuaded that application of the *Security Industrial Bank* decision mandates a different result. Indeed, since *Security Industrial Bank* at least one circuit court of appeals has expressly held that Congress intended to apply § 522(f)(2)[3] retroactively to gap liens. *In re Groves,* 707 F.2d 451, 452–53 (10th Cir. 1983).[4] Similarly, since *Security Industrial Bank,* at least two bankruptcy courts have impliedly so held. *In re Keller,* 29 B.R. 91, 92 (Bkrtcy.M.D.Fla.1983); *In re Hoffman,* 28 B.R. 503, 507 (Bkrtcy.D.Md. 1983).

Third, the rationale of *Holt v. Henley,* 232 U.S. 637, 34 S.Ct. 459, 58 L.Ed. 767 (1914)—relied on by *Security Industrial Bank* and PCA—does not advance PCA's cause. *Holt* involved a pre-enactment situation; *see id.* 34 S.Ct. at 459–60; indeed, the *Holt* Court stated that "the reasonable

---

**2.** Post-*Security Industrial Bank* cases involving pre-enactment liens have uniformly held that § 522(f)(2) may not apply retroactively. *E.g., United States v. Security Pacific Finance Co.,* 704 F.2d 142, 143 (4th Cir.1983); *First National Bank v. Norris,* 701 F.2d 902, 905 (11th Cir. 1983); *First National Bank & Trust Co. v. Daniel,* 701 F.2d 141, 142 (11th Cir.1983); *In re Hoffman,* 28 B.R. 503, 506 (Bkrtcy.D.Md.1983); *In re Negri,* 27 B.R. 941, 942 (Bkrtcy.E.D.N.Y.1983); *In re Buckman,* 26 B.R. 348, 349 (Bkrtcy.N.D. Miss.1982). These cases are inapplicable to the case at bar, which involves gap liens, not pre-enactment liens. *See generally* 3 *Collier, supra,* ¶ 522.29, at 522–87.

**3.** Focusing instead on § 522(f)(1), since *Security Industrial Bank* at least one circuit court of appeals and one bankruptcy court have held that Congress intended to apply § 522(f)(1) retroactively to gap liens. *In re Ashe,* 712 F.2d 864, 868 (3d Cir.1983) (*Ashe II*); *In re Hunter,* 32 B.R. 437, Bankr.Rep.Serv. (CCH) ¶ 69,368 (Bkrtcy.S.D.Pa.1983).

**4.** *Groves* relied on *In re Webber,* 674 F.2d 796 (Bkrtcy.App. 9th Cir.1982), a pre-*Security Industrial Bank* case dealing with gap liens. The *Webber* litigant's application for certiorari review was denied. 459 U.S. 1086, 103 S.Ct. 567, 74 L.Ed.2d 931 (1982).

and usual interpretation of [bankruptcy] statutes is to confine their effect ... to property rights established *after* they were passed." *Id.* at 460 (emphasis added). In the case at bar, PCA's property rights were established *after* the passage of § 522(f)(2). Surely, it would be "reasonable and usual" to apply § 522(f)(2) to PCA.

In sum, this Court holds that § 522(f)(2) applies retroactively to gap liens, such as those held by PCA in the case at bar.

### III. *Fifth Amendment*

■ PCA next argues that if § 522(f)(2) applies retroactively, such application would violate the Due Process Clause under the Fifth Amendment. This argument is likewise meritless.

As mentioned earlier, this Court has expressly held retroactive application of § 522(f)(2) does not violate the Fifth Amendment. *Zweibahmer*, 25 B.R. at 457; *Averhoff* 18 B.R. at 201–02; *Bruntz*, 10 B.R. at 446. As *Security Savings Bank* enumerated no due process considerations, *see* 103 S.Ct. at 410 ("We do not decide the constitutional question ..."); *see also id.* at 416 (Blackmun, J., concurring) (characterizing as "dicta the Court's enunciat[ion] with respect to 'takings'"), there is little incentive to doubt the Fifth Amendment analysis in *Zweibahmer*, *Averhoff*, and *Bruntz*. Further, the observation that gap lienors possessed notice of the effective date of § 522(f)(2), *e.g.*, *Bruntz*, 10 B.R. at 448, is readily recognized by post-*Security Industrial Bank* courts as a basis upon which to reject Fifth Amendment challenges. *Groves*, 707 F.2d at 453; *Keller*, 29 B.R. 91; *Hoffman*, 28 B.R. at 507. In sum, this Court concludes that retroactive application of § 522(f)(2) does not violate the Fifth Amendment.

### IV. *Nonpossessory Security Interest*

■ Section 522(f)(2) permits avoidance of only those nonpurchase-money [5] security

interests that are nonpossessory in nature. In the case at bar, it appears that the properties in question were in the Debtors' possession at the time of creation of PCA's interest. Since March 12, 1983, however, the properties have been in PCA's possession pursuant to the direction of the trustee. Being thus in possession, PCA argues that its lien should not be avoided. This argument is without merit.

In *In re Wood*, 13 B.R. 245 (Bkrtcy.E.D. N.C.1981), the debtors borrowed funds from a creditor and executed a security agreement to the creditor covering several household items in the Debtors' possession. *Id.* at 246. Shortly before the filing of the bankruptcy petition, the creditor obtained a Writ of Possession and repossessed the items in question. *Id.* The issue in *Wood* was the validity of the creditor's assertion that by repossession it had acquired a possessory lien. *Id.* at 247.

The controlling state law in *Wood* was N.C.G.S. § 25–9–203(1) which provided in part:

> [A] security interest is not enforceable against the debtor or third parties with respect to the ... unless
>
> ... the collateral is in the possession of the secured party *pursuant to agreement,*

(Emphasis added). Construing this statute, the *Wood* court held that a "creditor may have a possessory security interest in property only if, *pursuant to the agreement between the debtor and creditor*, it is agreed that creditor will have possession of the collateral." 13 B.R. at 247 (Emphasis added). Reasoning that possession pursuant to a Writ of Possession "was not as a result of a voluntary agreement," *id.*, the court concluded that the creditor's interest in *Wood* was nonpossessory. *Id.*

*Wood* is conceptually indistinguishable from the case at bar. Iowa's statute is identical to the one construed in *Wood.* *Compare* Iowa Code § 554.9203(1) (1983)

---

5. PCA does not appear to challenge the Debtors' position that the security interests in the instant case are nonpurchase-money in nature. Likewise, PCA does not appear to challenge the Debtors' contention that the properties in question fall within the category contained in § 522(f)(2)(B).

**374**

with N.C.G.S. § 25–9–203.  Further, similar to the *Wood* creditor, PCA in the instant case did not come into possession of the Debtors' property "pursuant to agreement" between the parties.  Rather, PCA's possession resulted from direction by the trustee.  *See* Stipulation ¶ 2.

*Wood* aside, this Court also finds that PCA's reliance on Iowa Code § 554.9305 is misplaced.  Section 554.9305 deals with the *method* of perfection.  *Cf. In re Dillon*, 18 B.R. 252, 255 (Bkrtcy.E.D.Cal.1982) (creditor did not perfect its security interest by possession when property was held by mechanic lienor).  The critical question for purposes of 11 U.S.C. § 522(f)(2) is the *nature* of the security interest involved.  Stated otherwise, Iowa Code § 554.9305 is of no avail to PCA.

## V.  CONCLUSION

Based on the foregoing, this Court concludes that PCA's nonpurchase-money, nonpossessory security interest in Debtors' property may be avoided pursuant to 11 U.S.C. § 522(f)(2).

IT IS THEREFORE ORDERED that the Complaint filed by Daniel L. McFarland and Linda Kay McFarland be sustained.

IT IS FURTHER ORDERED that to the extent it impaired Debtors' exemption, PCA's lien on the following properties is avoided:

    706 I. H. Tractor
    Noble Cultivator
    Westendorf Loader
    1978 Forage King Spreader
    Heston Stacker
    Farmhand Grinder Mixer
    International Plow
    1978 Chev. ¾ T pickup

IT IS FURTHER ORDERED that PCA surrender on demand of the Debtors the properties listed above.