**UNITED STATES of America, (FmHA), Plaintiff,**

v.

**Daniel N. EAKES, et al., Defendants.**

Civ. No. 84–714–A.

United States District Court,
S.D. Iowa, C.D.

Jan. 18, 1985.

Richard C. Turner, U.S. Atty., Lee M. Jackwig, Asst. U.S. Atty., Des Moines, Iowa, Donald Kronenberger, Office of General Counsel, U.S. Dept. of Agriculture, Kansas City, Mo., for plaintiff.

Dennis Ballard, Des Moines, Iowa, Examiner.

Dallas J. Janssen, Urbandale, Iowa, for defendants.

Donald F. Neiman, Ron Adams, Des Moines, Iowa, Trustees.

STUART, Chief Judge.

This appeal is brought, pursuant to Bankruptcy Rule 8001(a) and 28 U.S.C. § 1334(a), by the United States of America from an Order of the Bankruptcy Court, dated August 21, 1984. In its August 21 Order, the Bankruptcy Court was faced with the issue whether § 522(f)(2) of the 1978 Bankruptcy Reform Act, 11 U.S.C. § 522(f)(2),[1] applied to liens created during the "gap period" between the date the 1978 Act was enacted (i.e., November 6, 1978) and the date the Act became effective (i.e., October 1, 1979). The Bankruptcy Court found that the gap period was intended to allow creditors time to reconsider their course of dealings after being apprised of the change in the bankruptcy laws. Accordingly, the Bankruptcy Court, following the majority of courts, held that § 522(f)(2)

---

1. Section 522(f)(2) provides in pertinent part that

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

. . . . .

(2) a nonpossessory, nonpurchase-money security interest in any—

. . . . .

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor. . . .

applied to the two "gap liens" in this action, and set aside the two liens.

There is no substantial dispute as to the facts on this appeal. The Court will accept the Bankruptcy Court's conclusion unless it is contrary to the law.

Appellant contends (1) that Congress did not intend that § 522(f)(2) be given effect retroactively from the effective date to the enactment date; (2) and that retroactive application of § 522(f)(2) to gap liens would violate the Due Process Clause of the Fifth Amendment. According to appellant general rules of statutory construction, and inferences from *United States v. Security Industrial Bank*, 459 U.S. 70, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982), require that § 522(f)(2) not be applied retroactively to the gap period.

In *United States v. Security Industrial Bank, supra,* the United States Supreme Court addressed only the issue whether § 522(f)(2) was intended by Congress to apply to liens, valid under state law, created before the enactment date of the 1978 Act. *Id.* at 78, 82 n. 11, 103 S.Ct. at 412, 414 n. 11. In order to determine the statutory-construction issue, the court first addressed the question whether retroactive application of § 522(f)(2) to pre-enactment liens would violate the Takings Clause of the Fifth Amendment. Without deciding the question, the court determined that such retroactive application would raise a substantial constitutional question. This brought into play the canon of construction that constitutional questions should be avoided if it is possible to do so by reasonably construing a statute. *Id.* at 78, 103 S.Ct. at 412.

The court next determined the rule that statutes operate only prospectively had repeatedly been applied to bankruptcy statutes. According to the Court, the rule of statutory construction for bankruptcy statutes is that "[n]o bankruptcy law shall be construed to eliminate property rights which existed before the law was *enacted* in the absence of an explicit command from Congress." *Id.* at 81, 103 S.Ct. at 414 (emphasis added). Finding no such explicit command, the Court held that § 522(f)(2)

was to be construed as not applying to pre-enactment liens, thus avoiding the Takings issue. *Id.* at 82, 103 S.Ct. at 414.

*United States v. Security Industrial Bank* does not support appellant's position. First, the Supreme Court was concerned only with pre-enactment liens in that case. The Court in no way indicated that gap liens would be treated as pre-enactment liens. In fact, the Court recognized that § 522(f)(2) might properly apply to gap liens. *Id.* at 79, 103 S.Ct. at 413; *In re Caro Products,* 746 F.2d 349, 352–53 (6th Cir.1984).

In addition, application of § 522(f)(2) to gap liens—unlike application to pre-enactment liens—does not raise a substantial constitutional question. All Courts of Appeal that have reached the constitutional issue have held that the Constitution is not violated when § 522(f)(2) is applied to gap liens because creditors are chargeable with notice of the section as of the date of enactment. *In re Ashe,* 712 F.2d 864, 868 (3d Cir.1983), *cert. denied,* 465 U.S. 1024, 104 S.Ct. 1279, 79 L.Ed.2d 564; *In re Groves,* 707 F.2d 451, 452–53 (10th Cir. 1983); *In re Webber,* 674 F.2d 796, 804 (9th Cir.) (majority and concurring opinions), *cert. denied,* 459 U.S. 1086, 103 S.Ct. 567, 74 L.Ed.2d 931 (1982); *In re Gifford,* 669 F.2d 468, 474 n. 3 (7th Cir.) (dictum), *rev'd on other grounds en banc,* 688 F.27 447 (7th Cir.1982); see Note, Constitutionality of Retroactive Lien Avoidance Under Bankruptcy Code Section 522(f), 94 Harv.L.Rev. 1616, 1617 (1981). This Court will follow the reasoning and holdings of the Courts of Appeals and several bankruptcy courts. *In re Lunsford,* 41 B.R. 822, 825 (Bkry.N.D. Ohio 1984); *In re Danella,* 42 B.R. 268, 270 (Bkry.D.R.I.1984); *In re McFarland,* 38 B.R. 370, 373 (Bkry.N.D.Iowa 1983); *In re Hart,* 16 B.R. 78, 82–83 (Bkry.D.Neb.1981); *In re Ward,* 14 B.R. 549, 562 (Bkry.S.D.Ga. 1981). Because application of § 522(f)(2) does not raise a substantial constitutional issue, there is no need to seek to construe the statute in a manner that would make it inapplicable here. Having determined that applying § 522(f)(2) to appellant's gap liens does not present even a substantial Due Process issue, the Court must now deter-

mine whether Congress intended § 522(f)(2) to apply to gap liens.

 The gap period, during which appellant's liens were created, was established by the transition provisions of the 1984 Act, Title IV of the Bankruptcy Refor Act of 1984. Under the transition provisions, all prior bankruptcy laws were repealed on October 1, 1979. A savings section of the transaction provisions established that the prior law would govern only those cases commenced before October 1, 1979. Cases commenced after October 1, 1979 are governed by the 1978 Act. Absent extraordinary reasons, the language of the transaction provisions fairly unambiguously requires that *all* of the 1978 Act be applied to actions filed after October 1, 1979. Unlike the facts of *United States v. Security Industrial Bank*, the facts here present no extraordinary reasons for looking beyond the language of the transition provisions.

In addition, the legislative history of the 1978 Act indicates that Congress delayed the effective date of the Act to allow the public and the legal community to familiarize itself with the Act, and to allow for the preparation of a statistical measurement system to measure the caseload generated by the Act. Pub.L. 95–598, *reprinted in* 5 U.S. Code Cong. & Ad. News, 5787, 5806, 5952–54, 6243–48 (1978); *see In re Webber, supra,* at 804 (Schroeder, J., concurring); *In re Hunter,* 32 B.R. 437, 439–40 (Bkrty. W.D.Pa.1983). These reasons for the gap period supports the reasoning of courts that have held that the application of § 522(f)(2) does not violate the Constitution because of notice to creditors. More significantly, neither of these reasons indicate that Congress intended, contrary to the language of the transaction provisions, that only selected provisions of the 1978 Act apply in cases filed after October 1, 1979. The Court concludes that the language and congressional history indicate that Congress intended that § 522(f)(2) be applied to avoid "gap liens."

Accordingly, the judgment of the Bankruptcy Court is affirmed.